IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Cheryl Weller | ) | Case No. |
| | ) | JUDGE: |
| Plaintiffs, | ) | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **vs.** | ) | |
| Kuka Toledo Production Operations, LLC | ) | Edward J. Stechschulte (0085129) **KALNIZ, IORIO & REARDON CO., L.P.A.** |
| | ) | 5550 W. Central Avenue Toledo, OH 43615 |
| Defendant. | ) | Phone: 419/537-4821 |
| | ) | Fax: 419/535-7732 estechschulte@ioriolegal.com |
| | ) | |
| | ) | *Attorneys for Plaintiff Cheryl Weller* |
| | ) | |
| | ) | |

NOW COMES the Plaintiff, Cheryl Weller, by and through her undersigned attorneys,

Kalniz, Iorio & Reardon, Co., L.P.A., and for her complaint against Defendant hereby states and

avers follows:

## JURISDICTION

1.      This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. 2000e et seq. and Ohio Revised Code Section 4112.02 et seq. seeking

declaratory and injunctive relief and money damages against Defendant for redress

under the laws and statutes of the United States of America and the State of Ohio for

deprivations of rights secured by the Constitution and laws of the United States and

the State of Ohio

1

2.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343(a)(3), and 1343(a)(4).

3.     This Court possesses supplemental jurisdiction over the pending state claim pursuant to 28 U.S.C. 1367 because the claim arises from the same case or controversy as Plaintiff's federal claims.

4.     The Equal Employment Opportunity Commission issued a right to sue letter on August 4, 2021.

## VENUE

5.     Venue lies in the Northern District of Ohio, Western Division pursuant to 28 U.S.C. 1391(b) as the Defendant resides within the Northern District of Ohio and all events giving rise to this action occurred in the Northern District of Ohio.

## THE PARTIES

6.     Plaintiff Cheryl Weller is a citizen of the United States and a resident of the City of Toledo, Lucas County, Ohio located within the Northern District of Ohio.

7.     Defendant Kuka Toledo Production Operations, LLC ("Kuka") is a foreign limited liability company organized and existing under the laws of the State of Michigan with its principal office and place of business located in Toledo, Ohio within this Court's territorial jurisdiction. Defendant Kuka is a supplier in the automotive industry.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff realleges and incorporates by reference paragraphs 1 through 7 as if fully set forth herein.

9.     Mrs. Weller was hired by Kuka in July, 2015 as a quality engineer.

10. Mrs. Weller's job duties included, but were not limited to, assisting in the developing and monitoring of the quality assurance system, visiting customer locations to investigate customer issues and during engineering changes or program launches, documenting findings of investigation at customer plants, participating in prototype builds, maintaining and updating control plans and inspection standards and other procedures, supervising weld inspectors and measurement CMM personnel, and performing and assisting with other quality control procedures.

11. Mrs. Weller has worked as a quality engineer since approximately 1984 and worked as a quality supervisor for seven years prior to 1984.

12. At all times while employed by Kuka, Mrs. Weller was qualified to perform the duties of a quality engineer.

13. During the course of her employment, Mrs. Weller's male co-workers and customers made sexually harassing statements to Mrs. Weller.

14. When Mrs. Weller was not receptive to their comments or asked them to stop, her male co-workers spoke negatively about her and treated her differently than her male colleagues.

15. Mrs. Weller informed Defendant Kuka of this inappropriate conduct on three separate occasions. Defendant Kuka declined to address the situation concerning Mrs. Weller's male colleagues and otherwise minimized her concerns.

16. Mrs. Weller continued to be subject to inappropriate statements and conduct of her male colleagues after reporting to Kuka. Mrs. Weller made no further reports to Kuka due to Kuka's response to her January, 2020 report.

17.   Kuka began assembly for the Jeep Gladiator Truck in or around July, 2018. As part of that launch, Mrs. Weller was assigned to the lead of the sealer and adhesives division. Toward the end of the launch, she was tasked with supervising the weld inspectors and technicians. She was not returned to her measurement position after the launch was over.

18.   During this time, in addition being the welding and technician supervisor, Mrs. Weller was still making adjustments on pins, clamps, sealers, and adhesives, and responding to customer and supplier quality issues and answering calls on the floor.

19.   Mrs. Weller's performance during this period was rated as "Meets Expectations." In September, 2019 and March, 2020 Mrs. Weller was awarded discretionary bonuses and was told she would be receiving a raise in 2020.

20.   In April, 2020 there were six to seven quality engineers. All the quality engineers were male except for Mrs. Weller.

21.   Kuka assigned certain male engineers to perform quality engineer duties on "special assignment."

22.   Kuka terminated Mrs. Weller's employment.

23.   Mrs. Weller was the only quality engineer terminated. No male quality engineers were terminated and these male quality engineers were treated more favorably than Mrs. Weller.

24.   Mrs. Weller was the only female employee terminated.

25.   Younger, less experienced, male colleagues with less seniority with Kuka retained their positions with Kuka and were treated more favorably than Mrs. Weller.

26.   Mrs. Weller was terminated on the basis of her sex and/or age.

4

27.    Mrs. Weller has complied with all the administrative prerequisites to an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 as follows:

    a.  Mrs. Weller timely filed a formal charge of discrimination and an amended charge of retaliation against Defendant Kuka with the Equal Employment Opportunity Commission ("EEOC")

    b.  Mrs. Weller fully cooperated with the EEOC's investigation,

    c.  The EEOC concluded its investigation and issued a "Dismissal and Notice of Rights" letter on August 4, 2021, which Mrs. Weller received on or about August 9, 2021. A copy of that letter is attached hereto Plaintiff's "**Exhibit A**." Mrs. Weller has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this Action.

**COUNT I**
**VIOLATION OF TITLE VII-42 U.S.C. §2000E** *et seq.*
**SEX DISCRIMINATION**

28.    Plaintiff reallages and incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e *et seq.*, as amended, for relief based upon the unlawful employment practices of Defendant Kuka. Specifically, Mrs. Weller complains of Defendant Kuka's violation of Title VII's prohibition against discrimination based, in whole or in part, upon an employee's sex.

30.    Mrs. Weller is a female. During the course of her employment with Defendant Kuka, and continuing, Mrs. Weller was a member of a protected class under Title VII.

31.     At all times relevant to this action, Mrs. Weller fully, adequately and competently performed all of the functions, duties and responsibilities of her employment with Defendant Kuka.

32.     Upon information and belief, Defendant Kuka discriminated against Mrs. Weller and harassed her based on her sex by, among other ways, subjecting her to unwanted sexual misconduct of her co-workers, holding her to different standards of her co-workers, ignoring and refusing to investigate her complaints, and terminating her employment.

33.     As a result of Defendants Kuka's policies and practices, Mrs. Weller was unjustly and discriminatorily deprived of equal employment opportunities because of her sex.

34.     As a further result of Defendant Kuka's above stated actions, Mrs. Weller has been, is being, and will be deprived of income in the form of wages and prospective fringe benefits, promotion opportunities, and job assignments denied to Mrs. Weller on the basis of her sex in an amount to be shown at trial.

35.      Defendant Kuka's alleged reason for terminating Mrs. Weller is a pretext for unlawful discrimination.

36.     Defendant Kuka's actions were intentional, willful, wanton, malicious and in reckless disregard of Mrs. Weller's rights.

37.     As a direct and proximate result of Defendant Kuka's unlawful conduct, Mrs. Weller has suffered damages and is entitled to recovery pursuant to Title VII.

## COUNT II
## VIOLATION OF TITLE VII-42 U.S.C. §2000E *et seq.*
## AGE DISCRIMINATION

38.     Plaintiff reallages and incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

39.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e *et seq.*, as amended, for relief based upon the unlawful employment practices of Defendant Kuka. Specifically, Mrs. Weller complains of Defendant Kuka's violation of Title VII's prohibition against discrimination based, in whole or in part, upon an employee's age.

40.     At all relevant times, Mrs. Weller was over the age of forty while employed with Kuka. During the course of her employment with Defendant Kuka, and continuing, Mrs. Weller was a member of a protected class under Title VII.

41.     At all times relevant to this action, Mrs. Weller fully, adequately and competently performed all of the functions, duties and responsibilities of her employment with Defendant Kuka.

42.     Upon information and belief, Defendant Kuka discriminated against Plaintiff and harassed her based on her age by, among other ways, subjecting her to unwanted misconduct of her co-workers, holding her to different standards of her co-workers, ignoring and refusing to investigate her complaints, and terminating her employment.

43.     As a result of Defendants Kuka's policies and practices, Mrs. Weller was unjustly and discriminatorily deprived of equal employment opportunities because of her age.

44.     As a further result of Defendant Kuka's above stated actions, Mrs. Weller has been, is being, and will be deprived of income in the form of wages and prospective fringe benefits, promotion opportunities, and job assignments denied to Mrs. Weller on the basis of her age in an amount to be shown at trial.

45.  Defendant Kuka's alleged reason for terminating Mrs. Weller is a pretext for unlawful discrimination.

46.  Defendant Kuka's actions were intentional, willful, wanton, malicious and in reckless disregard of Mrs. Weller's rights.

47.  As a direct and proximate result of Defendant Kuka's unlawful conduct, Mrs. Weller has suffered damages and is entitled to recovery pursuant to Title VII.

## COUNT III
## RETALIATION (29 U.S.C. § 623

48.  Plaintiff reallages and incorporates by reference Paragraphs 1 through 47 as if fully set forth herein.

49.  The act of opposing an employer's discriminatory practices is protected activity as defined by 29 U.S.C. 623(d).

50.  During the course of her employment with Kuka, Mrs. Weller experienced harassing and discriminatory treatment based on her age and sex.

51.  Mrs. Weller made a report to her supervisor, Amy Brumley, on or about January 21, 2020 regarding sexually obnoxious and ageist behavior of her coworkers. Ms. Brumley disregarded Mrs. Weller's complaints, reaffirmed the behavior, and failed to take any corrective action.

52.  Mrs. Weller had previously twice reported inappropriate behavior of a third-party supplier.

53.  Defendant Kuka retaliated against Mrs. Weller by, among other ways, subjecting her to inconsistent and contradictory work instructions, holding her to different standards than her co-workers, and terminating her.

54.   Defendant Kuka's conduct evidences a conscious disregard for Mrs. Weller's right and obligation to complain of discrimination and harassment, such disregard having a great possibility of causing substantial damages and a chilling effect on the right to complain of discrimination in the workplace, and thereby subjecting Defendant Kuka to liability for punitive damages.

55.   As a result of Defendant Kuka's retaliatory actions, Mrs. Weller has been, is being, and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, in an amount to be proven at trial.

56.   As further direct and proximate result of Defendant Kuka's actions, Mrs. Weller also suffered, and continues to suffer from, increased stress, anxiety, loss of confidence, and mental distress.

**COUNT IV**
**VIOLATION OF OHIO REV. CODE 4112.02**
**SEX DISCRIMINATION**

57.   Plaintiff reallages and incorporates by reference Paragraphs 1 through 56 as if fully set forth herein.

58.   The discriminatory conditions of Defendant Kuka as described above were substantially motivated by discrimination due to Mrs. Weller's sex.

59.   As a result of Defendant Kuka's conduct described above, Mrs. Weller has been discriminated against, harassed, and retaliated against on the basis of her sex in violation of R.C. § 4112 et seq., as amended, and its implementing regulations.

60.   Defendant Kuka acted with malice or reckless indifference to Mrs. Weller's protected rights, for which Defendant Kuka is liable for punitive damages.

61.   As a result of Defendant Kuka's discriminatory action, Mrs. Weller has suffered consequential damages, including personal injury, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

62.   Mrs. Weller continues to suffer irreparable damage as a result of Defendant Kuka's violations of Mrs. Weller's rights under the above statute.

### COUNT V
### VIOLATION OF OHIO REV. CODE 4112.02
### AGE DISCRIMINATION

63.   Plaintiff reallages and incorporates by reference Paragraphs 1 through 62 as if fully set forth herein.

64.   The discriminatory conditions of Defendant Kuka as described above were substantially motivated by discrimination due to Mrs. Weller's age.

65.   As a result of Defendant Kuka's conduct described above, Mrs. Weller has been discriminated against, harassed, and retaliated against on the basis of her age in violation of R.C. § 4112 et seq., as amended, and its implementing regulations.

66.   Defendant Kuka acted with malice or reckless indifference to Mrs. Weller's protected rights, for which Defendant Kuka is liable for punitive damages.

67.   As a result of Defendant Kuka's discriminatory action, Mrs. Weller has suffered consequential damages, including personal injury, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

68.   Mrs. Weller continues to suffer irreparable damage as a result of Defendant Kuka's violations of Mrs. Weller's rights under the above statute.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Cheryl Weller respectfully requests judgment and damages against Defendant Kuka and that this Honorable Court order the following equitable and legal relief:

(A)     A declaratory judgment that Defendant has violated Plaintiff's right to be free from discrimination in the workplace pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and O.R.C. §4112.02;

(B)     Enter an injunction ordering Defendant to make Plaintiff whole for all her compensatory damages in an amount to be shown at trial including without limitation back pay, fringe benefits lost, loss of future earnings, and assignment to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

(C)     An award to Plaintiff for compensatory damages in an amount to be shown at trial for all past and future economic and non-economic losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, consequential losses, and other non-pecuniary losses;

(D)     An award of punitive damages;

(E)     Award Plaintiff the cost of litigation including reasonable attorney fees and expert witness fees pursuant to applicable law including 42 U.S.C. Section 2000e-5(k), 42 U.S.C. 1988, and as provided by state law;

(F)     An award of interest on any awards at the highest rate allowed by law; and

(G)     Such other and further relief as this Court deems necessary and just to make Plaintiff whole.

Respectfully submitted,


Date:  October 31, 2021                    /s/ Edward J. Stechschulte
                                           Edward J. Stechschulte (0085129)
                                           KALNIZ, IORIO & REARDON CO., L.P.A.
                                           5550 W. Central Avenue
                                           Toledo, Ohio 43606
                                           Phone: (419) 537-4821
                                           Fax: (419) 535-7732
                                           estechschulte@ioriolegal.com

                                           *Attorneys for Plaintiff Cheryl Weller*


## **JURY DEMAND**

Pursuant to Fed. R. Civ.P.38, Plaintiff hereby demands a trial by jury for all claims herein plead.


Respectfully submitted,


Date:  October 31      , 2021              /s/ Edward J. Stechschulte
                                           Edward J. Stechschulte (0085129)
                                           KALNIZ, IORIO & REARDON CO., L.P.A.
                                           5550 W. Central Avenue
                                           Toledo, Ohio 43606
                                           Phone: (419) 537-4821
                                           Fax: (419) 535-7732
                                           estechschulte@ioriolegal.com

                                           *Attorneys for Plaintiff Cheryl Weller*